

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 12, 2022

**BY ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __12/13/22__

     Re:    *United States v. Keith Outlaw*, 18 Cr. 41 (ALC)

Dear Judge Carter:

     The Government writes regarding the defendant's pending motion to vacate. *See* Doc. No. 558. For the reasons set forth below, the Government respectfully requests that the Court hold the defendant's motion in abeyance pending the Second Circuit's resolution of *United States v. Delligatti* (*Pastore*), Case No. 18-2482. Defense counsel consents to this request.

     An issue at the core of the defendant's motion is whether attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959, is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A). In *United States* v. *Pastore*, 36 F.4th 423, 426–27 (2d Cir. 2022), the Second Circuit held that it is. After the Second Circuit's *Pastore* decision, the Supreme Court decided *United States v. Taylor*, 142 S. Ct. 2015 (2022). Now, in light of *Taylor*, there is a pending petition for rehearing before the Second Circuit in *United States v. Delligatti* (*Pastore*), Case No. 18-2482, on which petition the Circuit has ordered and received a response from the Government.

     Given the importance of the issue pending in *Pastore* to this case, and to promote judicial economy, the parties propose that the Court hold the defendant's motion in abeyance until the Second Circuit decides *Pastore*—i.e., until after the Second Circuit's denies the rehearing petition, or until the Circuit grants the rehearing petition and otherwise resolves the case. The parties will submit a joint letter within two weeks after the Second Circuit decides *Pastore*. If the parties agree on what the appropriate disposition of the defendant's motion should be in light of the Second Circuit's decision, we will inform the Court of that agreement in the joint letter. If the parties disagree on the appropriate disposition, we will propose a schedule for further briefing.

Hon. Andrew L. Carter  Page 2
December 12, 2022

                                  Respectfully submitted,

                                  DAMIAN WILLIAMS
                                  United States Attorney

                      by: *[signature: Justin Rodriguez]*
                                  Christopher Clore
                                  Maurene Comey
                                  Justin V. Rodriguez
                                  Assistant United States Attorneys
cc:   Counsel of record (by ECF)      (212) 637-2591

The application is **GRANTED**.
So Ordered.

*[signature: Andrew L. Carter]* 12/13/22