

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 13, 2023

**BY ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/15/24
```

Re:   *United States v. Keith Outlaw*, 18 Cr. 41 (ALC)

Dear Judge Carter:

The Government writes, on behalf of the parties, regarding the defendant's pending motion to vacate. *See* Doc. No. 558. In light of recent developments, the parties agree that the defendant's motion must be denied. The parties request that the Court set a date in mid-December 2023 or in January 2024 for re-sentencing, at which time the Government will not advocate for a sentence above the mandatory minimum term of imprisonment of ten years.

In his pending motion, Outlaw seeks to vacate his conviction because, he argues, attempted murder in aid of racketeering, premised on attempted murder under New York law, does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). Last week, the Second Circuit rejected this claim for a second time.

On October 2, 2023, the Circuit issued an amended opinion in *United States v. Delligatti*, — F.4th —, 2023 WL 6379704 (2d Cir. Oct. 2, 2023) ("*Delligatti II*"), which amended the Circuit's prior opinion in *United States v. Delligatti*, 36 F.4th 423 (2d Circ. 2022) ("*Delligatti I*"). *Delligatti II* re-affirmed the Court of Appeals' holding in *Delligatti I* that attempted murder in aid of racketeering, premised on attempted murder under New York law, qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). *See Delligatti II* at *6. Shortly after the Court issued its opinion in *Delligatti I* on June 8, 2022, but before the mandate issued, the Supreme Court issued its decision in *United States v. Taylor*, — U.S. —, 142 S. Ct. 2015, 213 L.Ed.2d 349 (2022). *See Delligatti II* at *1. On June 27, 2022, Delligatti filed a petition for a panel rehearing or rehearing *en banc*, arguing primarily that the Court's opinion in *Delligatti I* was inconsistent with the Supreme Court's reasoning in *Taylor*. *Id.* On October 2, 2023, the *Delligatti I* Court granted Delligatti's petition for rehearing, withdrew the *Delligatti I* opinion, and issued an amended opinion, holding that attempted murder in aid of racketeering, premised on attempted murder under New York law, remains a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) after the Supreme Court's decision in *Taylor*. *See Delligatti II* at *1, *6.

The parties agree that Outlaw's pending motion to vacate must be denied in light of *Delligatti II* and respectfully request that the Court schedule re-sentencing for mid-December 2023 or January 2024.

Hon. Andrew L. Carter  Page 2
October 13, 2023

                               Respectfully submitted,

                               DAMIAN WILLIAMS
                               United States Attorney

                     by: /s/ Justin Rodriguez
                               Christopher Clore
                               Maurene Comey
                               Justin V. Rodriguez
                               Assistant United States Attorneys
cc:    Counsel of record (by ECF)   (212) 637-2591

Re-sentencing set for June 20, 2024
at 2 p.m.
So Ordered.

*/s/ Andrew L. Carter*  5/15/24